1  OLIVIA GARCIA
   ROBERT J. BUFFIN
2  CHRISTY J. KWON
   CECILY A. VIX
3  National Labor Relations Board, Region 20
   901 Market Street, Suite 400
4  San Francisco, CA  94103
   Telephone: (415) 356-5154/ (415)356-5179
5  Attorneys for Petitioner

6

7              UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 JOSEPH P. NORELLI, Regional Director of Region )
   20 of the National Labor Relations Board, for and on )
11 behalf of the NATIONAL LABOR RELATIONS )    C 07 3808
   BOARD,                                    )
12                                            )  Civil No.
                    Petitioner,               )
13                                            )
            v.                                )
14                                            )
   SERVICE EMPLOYEES INTERNATIONAL           )
15 UNION, LOCAL 87                            )  PETITION FOR INJUNCTION
                                              )  UNDER SECTION 10(l) OF THE
16                  Respondent.               )  NATIONAL LABOR RELATIONS
                                              )  ACT, AS AMENDED, [29 U.S.C.
17                                            )  SECTION 160(l)]
                                              )
18 _____)

19 To the Honorable, the Judges of the United States District Court,
        Northern District of California:
20
        Comes now Joseph P. Norelli, Regional Director of Region 20 of the National Labor
21
   Relations Board, herein called the Board, and petitions this Court for and on behalf of the
22
   Board, pursuant to Section 10(l) of the National Labor Relations Act, as amended [61 Stat.
23
   149; 73 Stat. 544; 29 U.S.C. § 160(l)], herein called the Act, for appropriate injunctive relief
24
   pending the final disposition of the matters involved herein pending before the Board on a
25
   charge alleging that Service Employees International Union, Local 87, herein called

1. Respondent, is engaging in unfair labor practices in violation of Section 8(b)(7)(C) of the Act [29 U.S.C. 158(b)(7)(C)]. In support thereof, Petitioner respectfully shows:

1. Petitioner is the Regional Director of Region 20 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to Section 10(l) of the Act [29 U.S.C. 160(l)].

3. On July 12, 2007, Golden Gate University, herein referred to as Golden Gate University, filed with the Board a charge in Board Case 20-CP-1085 alleging that Respondent is engaging in unfair labor practices in violation of Section 8(b)(7)(C) of the Act.

4. The aforesaid charge was referred to Petitioner as Regional Director of Region 20 of the Board.

5. Upon investigation, Petitioner determined that there is reasonable cause to believe the allegations of the aforesaid charge are true.

6. On July 23, 2007, Petitioner, as Regional Director of Region 20 of the Board, upon such charge, and pursuant to Section 10(b) of the Act [29 U.S.C. 160(b)], in Board Case 20-CP-1085 issued a Complaint and Notice of Hearing against Respondent, alleging that Respondent is engaging in unfair labor practices in violation of Section 8(b)(7)(C) of the Act.

7. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, true copies of the aforesaid Complaint and charge in Board Case 20-CP-1085, are attached hereto and marked as Exhibits 1 and 2, respectively, and are incorporated herein as though fully set forth.

8. There is, and Petitioner has, reasonable cause to believe that the allegations set forth in the Complaint are true, and as more particularly described therein, and in the affidavits filed herewith, that:

(a) Respondent is a labor organization within the meaning of Sections 2(5), 8(b)(7)(C) and 10(l) of the Act [29 U.S.C. § 152(5), 158(b)(7)(C) and 160(l)]. [Exhibit 1, paragraph 3, subparagraph 8(a)].

1

2        (b)     Golden Gate University is an employer engaged in commerce or in an industry affecting commerce within the meaning of Sections 2(2), (6), and (7), and Sections 8(b)(7)(C) and 10(l) of the Act [29 U.S.C. § 152(2), (6), and (7), 158(b)(7)(C) and 160(l)]. [Exhibit 1, paragraph 2 and subparagraph 8(b)].

      (c)     Respondent has picketed Golden Gate University or has caused it to be picketed, and such picketing has remained in full force and effect for a period of more than 30 days, with an object of forcing or requiring Golden Gate University to recognize and bargain with Respondent as the collective-bargaining representative of certain of Golden Gate University's employees, and/or forcing or requiring employees of Golden Gate University to accept or select Respondent as their collective-bargaining representative, notwithstanding that Respondent is not currently certified as the representative of such employees, and no petition has been filed pursuant to Section 9(c) of the Act. Respondent's picketing is therefore in violation of Section 8(b)(7)(C) of the Act, and a continuation of such picketing will impair the policies of the Act as set forth in Section 1(b) thereof. [Exhibit 1, paragraphs 5, 6, 7, and 8].

9.     It may fairly be anticipated that, unless enjoined, Respondent will continue or repeat the acts and conduct set forth above in paragraph 8, or similar or like acts in violation of Section 8(b)(7)(C) of the Act.

10.     It is therefore essential, appropriate, just and proper, for the purposes of effectuating the policies of the Act, and in accordance with the provisions of Section 10(l) thereof, that pending final disposition of the matters now pending before the Board, Respondent be enjoined and restrained from the commission of the unfair labor practices alleged above, similar acts and conduct in violation of Section 8(b)(7)(C) of the Act, or repetitions thereof.

**WHEREFORE**, Petitioner prays:

1  (1) That the Court issue an order directing Respondent to file an answer to each of the allegations set forth and referenced in the said Petition and to appear before the Court, at a time and place fixed by the Court, and show cause, if any there be, why, pending final disposition of the matter herein involved now pending before the Board, Respondent, its officers, representatives, supervisors, agents, servants, employees, attorneys and all members, persons, and other labor organizations acting in concert or in participation with them, should not be enjoined and restrained from the acts and conduct described above, similar or like acts, or other conduct in violation of Section 8(b)(7)(C) of the Act, or repetitions thereof.

(2) That upon return of said Order to Show Cause, the Court issue an order enjoining and restraining Respondent as prayed and in the manner set forth in Petitioner's proposed preliminary injunction lodged herewith.

Dated at San Francisco, California, this 25th day of July, 2007.

                                           Joseph P. Norelli, Regional Director
                                           National Labor Relation Board, Region 20
                                           901 Market Street, Suite 400
                                           San Francisco, California 94103

OLIVIA GARCIA
    Regional Attorney, Region 20

ROBERT J. BUFFIN
    Deputy Regional Attorney, Region 20

CHRISTY J. KWON
    Attorney, for Petitioner

CECILY A. VIX
    Attorney for Petitioner
NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| 1 | STATE OF CALIFORNIA        ) |
| 2 | COUNTY OF SAN FRANCISCO  ) |

3   Joseph P. Norelli, being duly sworn, deposes and says that he is the Regional
4 Director of Region 20 of the National Labor Relations Board, that he has read the foregoing
5 petition, and the attached affidavits and exhibits in Board Case 20-CP-1085 and filed herewith,
6 and knows the contents thereof; that the statements therein made as upon personal knowledge are
7 true and that those made on information and belief he believes to be true.

_____
Joseph P. Norelli

18  Subscribed and sworn to before me,
19  a Notary Public in and for the
    County within the State aforesaid,
20  this 25th day of July, 2007.

23  _Susie Louie_
24  NOTARY PUBLIC

25  My Commission expires: 4/27/2010

[Notary seal: SUSIE LOUIE, Commission # 1657424, Notary Public - California, San Francisco County, My Comm. Expires Apr 27, 2010]

UNITED STATES OF AMERICA

BEFORE THE NATIONAL LABOR RELATIONS BOARD

REGION 20

SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 87

    and                                        Case   20-CP-1085

GOLDEN GATE UNIVERSITY

### COMPLAINT AND NOTICE OF HEARING

Golden Gate University, herein called Golden Gate, has charged that Service Employees International Union, Local 87, herein called Respondent, has been engaging in unfair labor practices affecting commerce as set forth in the National Labor Relations Act, 29 U.S.C., Sec. 151, et seq., herein called the Act. Based thereon the General Counsel, by the undersigned, pursuant to Section 10(b) of the Act and Section 102.15 of the Rules and Regulations of the National Labor Relations Board, herein called the Board, issues this Complaint and Notice of Hearing and alleges as follows:

    1.    The charge in this proceeding was filed by Golden Gate on July 12, 2007, and a copy was served by first-class mail on Respondent on July 13, 2007.

    2.    (a)    At all material times, Golden Gate, a California non-profit corporation, with an office and place of business at 536 Mission Street, San Francisco, California, herein called Golden Gate's Facility, has been engaged in the operation of a private nonprofit university.

        (b)    During the calendar year ending December 31, 2006, Golden Gate, in conducting its business operations described above in subparagraph 2(a), derived gross revenues, excluding contributions which, because of limitations by the grantor, are not available for operating expenses, in excess of $1,000,000.

Exhibit 1

Complaint and Notice of Hearing
Case 20-CP-1085

(c) During the period of time described above in subparagraph 2(b), Golden Gate, in conducting its business operations described above in subparagraph 2(a), purchased and received goods, materials and supplies valued in excess of $5,000 which originated from points located outside the state of California.

3. At all material times, Respondent, with an office in San Francisco, California, has been an organization in which employees participate, and which exists, in whole or in part, for the purpose of representing employees in dealings with persons and employers regarding labor disputes and bargaining collectively with respect to employee wages, hours and working conditions.

4. At no material time has Respondent been certified by the Board as the exclusive collective-bargaining representative of the employees of Golden Gate.

5. On various dates commencing about May 29, 2007, and continuing to date, Respondent has picketed Golden Gate's facility located at 536 Mission Street, San Francisco, California with placards bearing the following legend:

> GOLDEN GATE UNIVERSITY UNFAIR
> JUSTICE FOR JANITORS
> GGU STUDENTS DEMANDING JUSTICE FOR JANITORS
> SUPPORT THE JANITORS AT GOLDEN GATE UNIVERSITY
> JANITORS HAVE FAMILIES TOO

6. The picketing described above in paragraph 5 has been conducted for more than thirty (30) days from the commencement thereof without the filing of a petition with the Board under Section 9(c) of the Act.

7. An object of the conduct of Respondent described above in paragraph 5 has been, and is, to force or require Golden Gate to recognize and bargain with Respondent as the collective-bargaining representative of certain of Golden Gate's employees, and/or force or require certain of Golden Gate's employees to accept or select

Complaint and Notice of Hearing
Case 20-CP-1085

Respondent as their collective-bargaining representative notwithstanding that Respondent is not currently certified as the representative of such employees.

8. WHEREUPON it is alleged:

(a) At all material times, Respondent is and has been a labor organization within the meaning of Section 2(5) and Section 8(b)(7)(C) of the Act.

(b) At all material times, Golden Gate has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7), and Section 8(b)(7)(C) of the Act.

(c) The conduct of Respondent described above in paragraphs 5 and 6, for the object described above in paragraph 7, and in conjunction with the operations of Golden Gate described above in paragraph 2 and subparagraph 8(b), constitutes an unfair labor practice affecting commerce within the meaning of Section 8(b)(7)(C) and Section 2(6) and (7) of the Act.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on the 6th day of September, 2007, at 9:00 a.m. and on consecutive days thereafter until concluded, a hearing will be conducted in the E.V.S. Robbins Courtroom 306 (third floor), 901 Market Street, San Francisco, California, before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint. The answer must be **received by this office on or before August 6, 2007, or postmarked on or before**

Complaint and Notice of Hearing
Case 20-CP-1085

**August 5, 2007**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically by using the E-Filing system on the Agency's website. In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on **E-Gov**, then click on the **E-Filing** link on the pull-down menu. Click on the "File Documents" button under "Regional, Subregional and Resident Offices" and then follow the directions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. A failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. When an answer is filed electronically, an original and four paper copies must be sent to this office so that it is received no later than three business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may _not_ be filed by facsimile transmission. If no answer is filed, the 1100 (continued) 1100 Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

DATED AT San Francisco, California, this 23rd day of July, 2007.

Joseph P. Norelli, Regional Director
National Labor Relations Board
Region 20
901 Market Street, Suite 400
San Francisco, California  94103-1735

H:\Complaints\drafts\20-CP-1085

- 4 -

INTERNET
FORM NLRB-508
(6-07)

FORM EXEMPT UNDER 44 U.S.C 3512

**UNITED STATES OF AMERICA**
**NATIONAL LABOR RELATIONS BOARD**
**CHARGE AGAINST LABOR ORGANIZATIONS OR ITS AGENTS**

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|---|---|
| 20-CP-1085 | 7/12/2007 |

INSTRUCTIONS: File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

a. Name

Service Employees International Union, Local 87

b. Union Representative to contact

Maria Villanco

c. Telephone No. (415) 885-0087
Fax No.

d. Address (Street, city, state, and ZIP code)

240 Golden Gate Avenue, San Francisco, CA 94102

e. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (list subsections) **8 b 7 C** of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Since on or about May 29, 2007, SEIU, Local 87 has picketed Golden Gate University where an object thereof is forcing or requiring Golden Gate University to recognize or bargain with SEIU Local 87 as the representative of its employees when SEIU Local 87 is not currently certified as the representative of such employees and the picketing has been conducted without a petition under Section 9(c) of the Act being filed within 30 days from commencement of the picketing.

*RECEIVED NLRB, REGION 20 SAN FRANCISCO, CA 2007 JUL 12 A 11:16*

3. Name of Employer

Golden Gate University

4. Telephone No. (415) 442-7079
Fax No. (415) 442-7056

5. Location of plant involved (street, city, state and ZIP code)

536 Mission Street, San Francisco, CA 94105

6. Employer representative to contact

Terri Shultis, Director, HR

7. Type of establishment (factory, mine, wholesaler, etc.)

University

8. Identify principal product or service

Education

9. Number of workers employed

10. Full name of party filing charge

Golden Gate University

11. Address of party filing charge (street, city, state and ZIP code)

536 Mission Street, San Francisco, CA 94105

12. Telephone No. (415) 442-7079
Fax No. (415) 442-7056

### 13. DECLARATION

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _(signature)_ /s/ Jerrold C. Schaefer
(signature of representative or person making charge)

Address: Hanson, Bridgett, Marcus, Vlahos & Rudy, LLP
425 Market Street, 26th Floor, San Francisco, CA 94105

Attorney for Golden Gate Univ.
(Print/type name and title or office, if any)

(Fax) (415) 541-9366
(415) 995-5012
(Telephone No.)

07/12/07
(date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

Exhibit 2