UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C 07 3808 MJJ

| | |
|---|---|
| JOSEPH P. NORELLI, Regional Director of Region 20 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>                         Petitioner,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 87<br><br>                         Respondent. | Civil No.<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

    This case came to be heard upon the verified petition of Joseph P. Norelli, Regional Director of Region 20 of the National Labor Relations Board, herein called the Board, supported by affidavits, for a preliminary injunction pursuant to Section 10(l) of the National Labor Relations Act, as amended [29 U.S.C., Sec. 151, et seq., herein called the Act], pending the final disposition of the matters herein involved now pending before the Board, and upon issuance of an order to show cause why

injunctive relief should not be granted as prayed in said petition. A hearing on the issues raised by the pleadings was duly held. All parties were afforded full opportunity to present their arguments on the evidence and the law to this Court. The Court having fully considered the Petition, Answer, Affidavits, Declarations, Evidence, Briefs, and Arguments of Counsel, and the entire record in the case, makes the following:

## FINDINGS OF FACT

1. Petitioner is the Regional Director of Region 20 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board. Service Employees International Union, Local 87, herein called Respondent, is a labor organization, with an office and place of business, in San Francisco, California.

2. On July 12, 2007, Golden Gate University, herein referred to as Golden Gate University, filed with the Board a charge in Board Case 20-CP-1085 alleging that Respondent is engaging in unfair labor practices in violation of Section 8(b)(7)(C) of the Act.

3. The aforesaid charge was referred to Petitioner as Regional Director of Region 20 of the Board.

4. Upon investigation, Petitioner determined that there is reasonable cause to believe that the allegations of the aforesaid charge is true.

5. On July 23, 2007, Petitioner, as Regional Director of Region 20 of the Board, upon such charge as described above in paragraph 2, and pursuant to Section 10(b) of the Act [29 U.S.C., Sec. 160(b)], issued a Complaint and Notice of Hearing against Respondent in Board Case 20-CP-1085, alleging that it is engaging in unfair labor practices in violation of Section 8(b)(7)(C) of the Act.

6. Pursuant to Rule 10(c) F.R.C.P., a true copy of the aforesaid Complaint and Notice of Hearing is attached hereto and marked as Exhibit 1 and is incorporated herein as though fully set forth.

7. There is, and Petitioner has, reasonable cause to believe that the allegations set forth in the Complaint and Notice of Hearing are true.

8. It may fairly be anticipated that, unless enjoined, Respondent will continue or repeat the unfair labor practices described in paragraph 5 above and in Exhibit 1 or similar or like unfair labor practices in violation of Section 8(b)(7)(C) of the Act.

9. It is therefore essential, appropriate, just and proper, for the purposes of effectuating the policies of the Act, and in accordance with the provisions of Section 10(l) thereof, that pending final disposition of the matters herein involved now pending before the Board, Respondent be enjoined and restrained from commission of the unfair labor practices alleged above, similar acts and conduct in violation of Section 8(b)(7)(C) of the Act, or repetitions thereof.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter of this proceeding, and, under Section 10(l) of the Act, is empowered to grant injunctive relief.

2. There is, and Petitioner has, reasonable cause to believe, that:

(a) Respondent is a labor organization within the meaning of Sections 2(5), 8(b)(7) and 10(l) of the Act.

(b) Golden Gate University is an employer engaged in commerce or in an industry affecting commerce within the meaning of Section 2(2), (6) and (7), and Sections 8(b)(7)(C) and 10(l) of the Act.

(c) Respondent has engaged in unfair labor practices within the meaning of Section 8(b)(7)(C) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act, and a continuation of such practices will impair the policies of the Act as set forth in Section 1 thereof.

3. To preserve the issues for the orderly determination provided in the Act, it is appropriate, just and proper that, pending the final disposition of the matters herein involved now pending before the Board, Respondent, its officers, representatives, agents, servants, employees, and all members, persons and other labor organizations acting in concert or participation with it, be enjoined and restrained from the commission, continuance or repetition of the acts and conduct set forth above, acts or conduct in furtherance or support thereof, or like or related acts or conduct, the commission of

1  which in the future is likely or may fairly be anticipated from the acts and conduct of Respondent in the
2  past.
3      DONE AT San Francisco, California, this _____ day of _____, 2007.

   _____
                                    United States District Judge

UNITED STATES OF AMERICA

BEFORE THE NATIONAL LABOR RELATIONS BOARD

REGION 20

SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 87

     and                                           Case   20-CP-1085

GOLDEN GATE UNIVERSITY

## COMPLAINT AND NOTICE OF HEARING

Golden Gate University, herein called Golden Gate, has charged that Service Employees International Union, Local 87, herein called Respondent, has been engaging in unfair labor practices affecting commerce as set forth in the National Labor Relations Act, 29 U.S.C., Sec. 151, et seq., herein called the Act. Based thereon the General Counsel, by the undersigned, pursuant to Section 10(b) of the Act and Section 102.15 of the Rules and Regulations of the National Labor Relations Board, herein called the Board, issues this Complaint and Notice of Hearing and alleges as follows:

    1.     The charge in this proceeding was filed by Golden Gate on July 12, 2007, and a copy was served by first-class mail on Respondent on July 13, 2007.

    2.    (a)    At all material times, Golden Gate, a California non-profit corporation, with an office and place of business at 536 Mission Street, San Francisco, California, herein called Golden Gate's Facility, has been engaged in the operation of a private nonprofit university.

           (b)    During the calendar year ending December 31, 2006, Golden Gate, in conducting its business operations described above in subparagraph 2(a), derived gross revenues, excluding contributions which, because of limitations by the grantor, are not available for operating expenses, in excess of $1,000,000.

Exhibit 1

  (c) During the period of time described above in subparagraph 2(b), Golden Gate, in conducting its business operations described above in subparagraph 2(a), purchased and received goods, materials and supplies valued in excess of $5,000 which originated from points located outside the state of California.

  3. At all material times, Respondent, with an office in San Francisco, California, has been an organization in which employees participate, and which exists, in whole or in part, for the purpose of representing employees in dealings with persons and employers regarding labor disputes and bargaining collectively with respect to employee wages, hours and working conditions.

  4. At no material time has Respondent been certified by the Board as the exclusive collective-bargaining representative of the employees of Golden Gate.

  5. On various dates commencing about May 29, 2007, and continuing to date, Respondent has picketed Golden Gate's facility located at 536 Mission Street, San Francisco, California with placards bearing the following legend:

> GOLDEN GATE UNIVERSITY UNFAIR
> JUSTICE FOR JANITORS
> GGU STUDENTS DEMANDING JUSTICE FOR JANITORS
> SUPPORT THE JANITORS AT GOLDEN GATE UNIVERSITY
> JANITORS HAVE FAMILIES TOO

  6. The picketing described above in paragraph 5 has been conducted for more than thirty (30) days from the commencement thereof without the filing of a petition with the Board under Section 9(c) of the Act.

  7. An object of the conduct of Respondent described above in paragraph 5 has been, and is, to force or require Golden Gate to recognize and bargain with Respondent as the collective-bargaining representative of certain of Golden Gate's employees, and/or force or require certain of Golden Gate's employees to accept or select

Complaint and Notice of Hearing
Case 20-CP-1085

Respondent as their collective-bargaining representative notwithstanding that Respondent is not currently certified as the representative of such employees.

8. WHEREUPON it is alleged:

(a) At all material times, Respondent is and has been a labor organization within the meaning of Section 2(5) and Section 8(b)(7)(C) of the Act.

(b) At all material times, Golden Gate has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7), and Section 8(b)(7)(C) of the Act.

(c) The conduct of Respondent described above in paragraphs 5 and 6, for the object described above in paragraph 7, and in conjunction with the operations of Golden Gate described above in paragraph 2 and subparagraph 8(b), constitutes an unfair labor practice affecting commerce within the meaning of Section 8(b)(7)(C) and Section 2(6) and (7) of the Act.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on the 6th day of September, 2007, at 9:00 a.m. and on consecutive days thereafter until concluded, a hearing will be conducted in the E.V.S. Robbins Courtroom 306 (third floor), 901 Market Street, San Francisco, California, before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint. The answer must be **received by this office on or before August 6, 2007, or postmarked on or before**

Complaint and Notice of Hearing
Case 20-CP-1085

**August 5, 2007**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically by using the E-Filing system on the Agency's website. In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on **E-Gov**, then click on the **E-Filing** link on the pull-down menu. Click on the "File Documents" button under "Regional, Subregional and Resident Offices" and then follow the directions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. A failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. When an answer is filed electronically, an original and four paper copies must be sent to this office so that it is received no later than three business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, the 1100 (continued) 1100 Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

DATED AT San Francisco, California, this 23rd day of July, 2007.

_(signature)_
Joseph P. Norelli, Regional Director
National Labor Relations Board
Region 20
901 Market Street, Suite 400
San Francisco, California  94103-1735

H:\Complaints\drafts\20-CP-1085