DAN SIEGEL, SBN 56400
JANE BRUNNER, SBN 135422
JOSE LUIS FUENTES, SBN 192236
SIEGEL & YEE
499 14th St, Suite 220
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Subpoenaed Party
SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 87

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. NORELLI, Regional Director of Region 20 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, Local 87,<br><br>Respondent. | No. C 073808 MJJ<br><br>**OPPOSITION TO PETITIONER'S MOTION TO DISMISS PETITION FOR INJUNCTION**<br><br>Hearing: October 2, 2007<br>Time:    9:00 a.m.<br><br><u>Judge Jenkins</u> |

## I. INTRODUCTION

This Court is being asked by the National Labor Relations Board (the "NLRB" or the "Board") to dismiss the NLRB petition for a preliminary injunction that was adjudicated in respondent's favor on August 2, 2007. This Court's denial of the petition for a preliminary injunction was for all purposes a decision on the merits because the only relief requested by the NLRB petition was for a preliminary injunction. Therefore a dismissal pursuant to Federal Rules of Civil Procedure, Rule 41(a)(2) is inappropriate because the August 2, 2007, bench ruling on the merits is considered an appealable judgment under Rule 54.

## II. UNDISPUTED FACTS

On July 25, 2007, the NLRB filed a Petition for Injunction under Section 10(l) of the National Labor Relations Act, as Amended, [29 U.S.C. Section 160(l)]. [Dkt. # 1.] Petitioner prayed for an "order directing Respondent to file an answer…and to appear before the Court…and show cause…why…[Local 87] should not be enjoined and restrained…", and "an order enjoining and restraining Respondent as prayed and in the manner set forth in Petitioner's proposed preliminary injunction lodged herewith." [*Id.*]

On July 25, 2007, pursuant to a Motion Shortening Time and Order Shortening Time by Petitioner, the Court issued an Order to Show Cause directing Respondent to file an Answer to Dkt. # 1, and appear before the Court on August 2, 2007 at 3:30 p.m. and show cause why it should not be enjoined. [Dkt. # 6.]

On July 30, 2007, Respondent SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 87, herein Local 87, filed Respondent's Answer to OSC Re: Injunction answering the allegations of the petition as stated in Dkt. # 1. [Dkt. # 11.]

On August 3, 2007, Petitioner's request for injunctive relief was denied. [Dkt. 18.]

The parties entered a settlement agreement, but it did not address the dismissal of this petition for injunction. [Declaration of Jose Luis Fuentes ¶ 4.]

### III. THE COURT SHOULD DENY THE PETITIONER'S REQUEST TO DISMISS THE PETITION FOR INJUNCTION BECAUSE THE REQUEST FOR A PRELIMINARY INJUNCTION PETITION HAS BEEN ADJUDICATED.

The NLRB filed a petition for an injunction to commence this action. [Dkt. # 1.] The petition did not seek to obtain a permanent injunction but only a preliminary injunction. [FRCP 8(a)]. The NLRB moved for a preliminary injunction as requested in the petition. [Dkt. # 7.] [*Stewart v. United States I.N.S.* (2nd Cir. 1985) 762 F2d 193, 199; see ND CA Rule 65–1(b)]. At the request of the NLRB, the Court held a hearing on the merits of the petition seeking a preliminary injunction on August 2, 2007. [*See* Federal Rules of Civil Procedure Rule 65(a)(2) ("[E]vidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial.").] For all practical purposes, all issues relating to injunctive relief were resolved at the hearing on August 2. [*Matek v. Murat,* 862 F.2d 720 (9th Cir.1988), abrogated on other grounds, *Holden v. Hagopian,* 978 F.2d 1115 (9th Cir.1992).] The denial of the preliminary injunction was in effect a final determination of all issues relating to injunctive relief. [*Qualcomm, Inc. v. Motorola, Inc.* (SD CA 1998) 179 F.R.D. 580, 583.] Federal Rules of Civil Procedure Rule 54(a) defines a "Judgment" to include "a decree and any order from which an appeal lies." The Court rendered a judgment on August 2, 2007, from which an appeal lies. [28 U.S.C.A. § 1292.] Therefore, the NLRB request to dismiss under Rule 41(a)(2) is inappropriate because a judgment was rendered pursuant to the NLRB request on August 2, 2007. [FRCP 54(a); 28 U.S.C.A. § 1292.]

## IV.  IN THE ALTERNATIVE, IF THE COURT IS INCLINED TO DISMISS THE CASE UNDER FRCP 41, RESPONDENT REQUESTS A DISMISSAL WITH PREJUDICE, OR ATTORNEY FEES, AS A CONDITION OF DISMISSAL.

In the alternative, Local 87 requests a dismissal with prejudice because the Union is once again picketing at Golden Gate University and the NLRB maintains that it will re-file a petition for injunction should it not agree with the content as content of Local 87's message while picketing. This Court should bear in mind that Rule 41(a)(2) seeks to protect respondent. [*Paulucci v. City of Duluth* (8th Cir. 1987) 826 F2d 780, 783; *Fisher v. Puerto Rico Marine Management, Inc.* (11th Cir. 1991) 940 F2d 1502, 1503.] The NLRB motion to dismiss made while the Court's formal decision is pending and in anticipation of it being issued is ground for dismissing the petition with prejudice. [*See Williams v. Ford Motor Credit Co.* (8th Cir. 1980) 627 F2d 158, 159–160; *see also International Shoe Co. v. Cool* (8th Cir. 1946) 154 F2d 778, 780—improper to allow dismissal without prejudice after court has announced its intention to direct a verdict for defendant.]

If the Court is not inclined to dismiss with prejudice, Local 87's request that the dismissal without prejudice be conditioned on the NLRB reimbursing the Union for costs and disbursements incurred. [*See Brown v. Baeke* (10th Cir. 2005) 413 F.3d 1121, 1126—conditioned on defendant's right to request "reimbursement for any duplicative expenses"] This may include expenses ordinarily nontaxable as court costs, such as attorney fees. [Cauley v. Wilson (7th Cir. 1985) 754 F2d 769, 771; Stevedoring Services of America v. Armilla Int'l, B.V. (9th Cir. 1989) 889 F2d 919, 921.] This petition was unnecessary. Local 87 did agree to modify the content of its message to avoid litigation with the NLRB in order to save the membership money. The NLRB could not wait and filed the petition. After the petition was filed in this Court, the NLRB would not dismiss the petition after Local 87 agreed to stop picketing and to change the content of its message. After the Court denied the request for a preliminary injunction

the NLRB would not hold a hearing on Local 87's petition to represent individuals at Golden Gate University because the underlying administrative charges that gave rise to the petition for injunction were pending before the NLRB. The Union had to agree to stop picketing and post a notice in order to have the NLRB process their petition to be recognized as the bargaining unit for a few employees at Golden Gate University, herein after GGU. In order to avoid further delay in the NLRB administrative proceedings, the Union had to agree that these court proceedings and the NLRB administrative proceedings were parallel. The Union had to submit to the NLRB terms that were contrary to this Court's injunction ruling, to prevent further injury to the Union's and prospective union members' interest at GGU.

Despite the "bilateral settlement agreement" the NLRB is currently questioning Local 87's resumed picketing at GGU. The NLRB is considering whether Local 87's request for a hearing on their petition to be recognized is appropriate. Local 87 is now re-litigating this Court's decision in the NLRB's administrative forum. The Union is spending money once again on an issue that this Court decided and the parties settled. The legal work paid for by the Union in this Court's proceeding has no use in the current administrative proceedings before the NLRB. Therefore, the Union's request for reasonable attorneys fees of $20,687.50 based on Jose Luis Fuentes declaration ¶ 6 should be granted.

## IX. CONCLUSION

The NLRB is attempting to circumvent this Court issuing its formal decision denying the NLRB petition for injunction by moving to dismiss this case under Rule 41. This Court has already ruled on the merits of the NLRB petition pursuant to Rule 54. Therefore, this Court should deny the NLRB's request to dismiss this petition because the Court has adjudicated the merits. In the alternative, should the Court be inclined to dismiss the petition under Rule 41, the

petition should be dismissed with prejudice to prevent a circumvention of the Court's ruling on August 2, 2007. If the Court dismisses the action pursuant to Rule 41 without prejudice, the Union requests to be reimbursed for reasonable attorneys fees for having to defend this action.

Dated: September 10, 2007

                        Respectfully Submitted
                        Siegel & Yee

                        By:      /s/
                        JOSE LUIS FUENTES,
                        Attorney for

                        SERVICE EMPLOYEES
                        INTERNATIONAL UNION, LOCAL 87