DAN SIEGEL, SBN 56400
JANE BRUNNER, SBN 135422
JOSE LUIS FUENTES, SBN 192236
SIEGEL & YEE
499 14th St, Suite 220
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Subpoenaed Party
SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 87

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. NORELLI, Regional Director of Region 20 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, Local 87,<br><br>Respondent. | No. C 073808 MJJ<br><br>DECLARATION OF JOSE LUIS FUENTES IN SUPPORT OF OPPOSITION TO PETITIONER'S MOTION TO DISMISS PETITION FOR INJUNCTION<br><br>Hearing: October 2, 2007<br>Time:    9:00 a.m.<br><br>__Judge Jenkins__ |

### DECLARATION OF JOSE LUIS FUENTES

I, Jose Luis Fuentes, declare as follows:

1.     I am a member of the State Bar of California and the U.S. District Court for the Northern District of California and an attorney with Siegel & Yee, counsel for respondent in the

matter of *NLRB v. Local 87*, No. C07-3808 MJJ. The facts stated herein are based on my personal knowledge or upon my review of the files kept by my office in this matter. If called upon to do so I could and would competently testify thereto.

2. On July 27, 2007, I spoke with Christy J. Kwon, counsel for petitioner, after reviewing the Petition for Injunction and the Court's Order to Show Cause. I informed Ms. Kwon that the Union had stopped picketing and modified the content of their speech as requested by the NLRB. I asked Ms. Kwon to dismiss the Petition. However, I was informed by Ms. Kwon that the NLRB lost its discretion to dismiss the Petition based on the NLRB's interpretation of Section 10(l) of the National Labor Relations Act and a Court order on the merits was necessary.

3. On August 16, 2007, Ms. Kwon requested that the Union entertain signing a stipulation to dismiss the current action. I informed Ms. Kwon that I was doubtful the Union would stipulate to a dismissal after she informed us on July 27, 2007, that Section 10(l) prevented the NLRB from dismissing the case without a Court order on the merits. I informed my client of the request by Ms. Kwon and they would not agree to set aside this Court's judgment in this case.

4. Local 87 was forced into settling the administrative charges underlying the Petition for Injunction because the NLRB refused to entertain Local 87's petition for recognition as the bargaining agent for the unrepresented workers at Golden Gate University while the administrative compliant was pending. Exhibit 1, hereby incorporated by reference, is a true and correct copy of the NLRB denial of Local 87's request for recognition. The settlement of the administrative proceedings before the

NLRB was not intended by the parties to be a waiver of the rights and responsibility in the proceedings before this Court. During the negotiation of the administrative proceedings, the parties addressed this Court's ruling and agreed that after this Court's ruling, the parties were facing two parallel proceedings. The NLRB could pursue its appellant rights, and the Union had to face the NLRB's administrative charges. The Union settled the administrative charges for the greater good of the membership without admitting fault. However, the NLRB is now questioning the Union's current picketing at Golden Gate University and questioning the propriety of the Union petition to be recognized. The Union is spending money to litigate these issues once again with the NLRB in an administrative forum.

5.     Siegel & Yee attorneys have spent 82.7 hours on this case. Exhibit 2, hereby incorporated by reference, is a summary of the charges of my hours, along with Jane Brunner and Dean Royer, who have assisted me and for which I am responsible of tracking in this case. The reasonable value of the attorneys' service to the Union for handling this current proceeding is $20,687.50.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Signed this 31st day of August, 2007, in Oakland, California

                                    /s/
                              Jose Luis Fuentes

EXHIBIT 1



**NATIONAL LABOR RELATIONS BOARD**
**Region 20**

901 Market Street, Suite 400

San Francisco, California 94103-1735

Telephone: 415/356-5130
FAX: 415/356-5156
Website: www.nlrb.gov

August 14, 2007

Ahmed Abozayd, Vice President
SEIU Local 87
240 Golden Gate Avenue
San Francisco, CA 94102

**Re:** Golden Gate University
**Case:** 20-RC-18153

Dear Mr. Abozayd:

    The above-captioned case, petitioning for an investigation and certification of representatives under Section 9(c) of the National Labor Relations Act, as amended, has been carefully investigated and considered.

    I have decided to dismiss the Petition for the following reasons. The Employer, Golden Gate University, alleged in a charge filed against SEIU Local 87 on July 12, 2007 (all dates refer to 2007) and docketed as 20-CP-1085, that Local 87 had picketed with a recognitional/organizational object for more than 30 days without having filed an election petition, thus violating Section 8(b)(7)(C) of the Act. The investigation led me to conclude that the Employer's charge had merit and, on July 23, I issued a complaint against Local 87. Local 87 filed the instant Petition on August 3, well over 30 days after it commenced picketing and after the Employer had replaced its janitorial subcontractor and assigned the work at issue to its own employees. It would be inappropriate to entertain the question concerning representation that Local 87 would raise by means of the instant Petition, in the context of unremedied recognitional/organizational picketing—through which Local 87 has sought to force or require the employer to recognize or bargain with it as the representative of its janitorial employees or to force or require its janitorial employees to accept or select it as their collective- bargaining representative. Further, the showing of interest that was submitted in support of the Petition was obtained during said picketing and is insufficient to warrant further processing of the Petition.

    A review of this action may be obtained by filing a request therefore with the National Labor Relations Board, addressed to the Executive Secretary of the Board, 1099 14th Street, N.W. Washington, D.C.20570. A copy of such request for review must be served upon each of the other parties to the proceeding, including the

undersigned. This request for review must contain a complete statement setting forth the facts and reasons upon which it is based. The request for review (8 copies) must be filed with the Board in Washington by the close of business **August 28, 2007**. Upon good cause shown, however, the Board may grant special permission for a longer period within which to file. The request for extension of time should be submitted to the Executive Secretary of the Board in Washington, and a copy of any such request for extension of time should be submitted to Regional Director, and to the other parties to this proceeding.

The request for review and any request for extension of time must include a statement that a copy has been served on the Regional Director and on each of the other parties to this proceeding, and it must be served in the same or faster manner as that utilized in filing the request with the Board; when filing with the Board is accomplished by personal service, however, the other parties shall be promptly notified of such action by telephone, followed by service of a copy by mail or fax.

In the Regional Office's initial correspondence, the parties were advised that the National Labor Relations Board has expanded the list of permissible documents that may be electronically filed with its offices. If a party wishes to file one of the documents which may now be filed electronically, please refer to the Attachment supplied with the Regional Office's initial correspondence for guidance in doing so. Guidance for E-filing can also be found on the National Labor Relations Board web site at www.nlrb.gov. On the home page of the website, select the **E-Gov** tab and click on **E-Filing**. Then select the NLRB office for which you wish to E-File your documents. Detailed E-filing instructions explaining how to file the documents electronically will be displayed.

Very truly yours,

Joseph P. Norelli
Regional Director

cc:  Director, Office of Representation          Terri Shultis, Director HR
     Appeals                                     Golden Gate University
     National Labor Relations Board              536 Mission Street
     1099 14th Street, N.W.                      San Francisco, CA 94105
     Washington, D.C. 20005-3419

     Jane Brunner, Esq.
     Siegel & Yee
     499 14th Street Suite 220
     Oakland, CA 94612

EXHIBIT 2

SIEGEL & YEE
499 14th Street, Suite 220
Oakland, CA 94612
(510) 839-1200

August 31, 2007

SEIU Local 87
240 Golden Gate Avenue
San Francisco, CA 94102

---

Attorney Services

| Date | Description | Hours | Amount |
|---|---|---|---|
| 07/14/07 | Golden Gate University - letter to NLRB. (JB) | 0.75 | |
| 07/16/07 | SEIU vs. Golden Gate - letter to NLRB. (JB) | 0.75 | |
| 07/17/07 | SEIU vs. Golden Gate - letter to NLRB, phone NLRB. (JB) | 0.50 | |
| 07/21/07 | Golden Gate University - review file. (JB) | 0.50 | |
| 07/21/07 | Golden Gate University - complaint. (JB) | 0.50 | |
| 07/23/07 | SEIU vs. Golden Gate University: NLRB - phone and letter. Phone union. (JB) | 2.50 | |
| 07/24/07 | Golden Gate University - NLRB complaint. (JB) | 0.75 | |
| 07/24/07 | Golden Gate University - call NLRB. (JB) | 1.00 | |
| 07/24/07 | Golden Gate University - review file, letter. (JB) | 0.50 | |
| 07/24/07 | Golden Gate University - research. (JB) | 1.00 | |
| 07/25/07 | Golden Gate University - Injunction hearing. (JB) | 2.00 | |
| 07/26/07 | Research Injunction, NLRB. (JLF) | 7.00 | |
| 07/27/07 | Conference with Olga, Ahmed. Dec., Injunction. (JLF) | 0.25 | |
| 07/27/07 | Motion to Continue Hearing, NLRB Injunction review. (JLF) | 0.25 | |
| 07/27/07 | Conference with NLRB, re: Injunction, e-mails. (JLF) | 1.50 | |
| 07/27/07 | Conference with GGU attorney re: Continuance Hearing. (JLF) | 0.25 | |
| 07/27/07 | Research NLRB law, Injunction. (JLF) | 7.00 | |
| 07/27/07 | Mail motion and file. (JLF) | 1.00 | |
| 07/29/07 | Draft Answer to Injunction. (JLF) | 3.50 | |
| 07/29/07 | Phone call with client re: declaration for injunction opposition. | 0.25 | |
| 07/29/07 | Review Draft declaration in support of opposition to injunction re: GGU. | 1.50 | |
| 07/30/07 | Finalize Answer and Declaration, confer | 10.00 | |

|  |  |  |
|---|---|---|
|  | with Olga, Ahmed, Cori, Andy Baker, re: Declaration. (JLF) |  |
| 07/31/07 | Errata, Answer. File Declaration, Lori. (JLF) | 1.25 |
| 08/01/07 | Prepare for injunction hearing | 2.00 |
| 08/02/07 | Prepare and argue injunction opposition | 7.00 |
| 08/03/07 | Prepare Proposed Order | 7.50 |
| 08/06/07 | Prepare and file Answer to NLRB complaint | 3.00 |
| 08/14/07 | Conference with Christy Kwon re: administrative settlement | 1.50 |
| 08/15/07 | Prepare and send correspondence re: administrative settlement to Ms. Kwon | .75 |
| 08/16/07 | Conference with Ms. Kwon re: picketing | .75 |
| 08/22/07 | Review GGU and research Motion to Dismiss | .75 |
| 08/22/07 | Research Motion to Dismiss | 2.00 |
| 08/24/07 | Research Motion to Dismiss and draft | 2.00 |
| 08/27/07 | Complete first draft of Motion to Dismiss | 7.00 |
| 08/27/07 | Conference with NLRB re: Petition for Recognition and discuss injunction issues with new agent handling cases | 1.00 |
| 08/31/07 | Finalize Motion to Dismiss and Declaration | 4.00 |

      Total Professional Services    82.75 hours

Costs and Disbursements

| 07/31/07 | Westlaw, monthly charge (July). | 190.00 |
|---|---|---|
|  | Total Costs and Disbursements | $ 190.00 |