OLIVIA GARCIA
ROBERT J. BUFFIN
CHRISTY J. KWON
CECILY A. VIX
National Labor Relations Board, Region 20
901 Market Street, Suite 400
San Francisco, CA 94103
Telephone: (415) 356-5154/ (415)356-5179
Attorneys for Petitioner

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. NORELLI, Regional Director of Region 20 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,

    Petitioner,

v.

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 87

    Respondent.

Civil No. C 07-3808 MJJ

REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO DISMISS PETITION FOR INJUNCTION

Hearing: October 2, 2007
Time: 9:30 a.m.

**Judge Jenkins**

## I. INTRODUCTION

Petitioner, the Regional Director of Region 20 of the National Labor Relations Board ("Board") has moved to dismiss the Petition for Injunction. The Petition for Injunction was denied on August 2, 2007, and Respondent was directed by the Court to file a Proposed Order. On August 3, 2007, the Court's Clerk entered into the civil docket the denial of the Petition for Injunction pursuant to Federal Rules of Civil Procedure, Rule 79(a). Also on

1  August 3, 2007, Respondent filed a Proposed Order. To date, no Order or a judgment on a
2  separate document has been issued by the Court concerning the denial of the injunction
3  pursuant to Federal Rules of Civil Procedure, Rule 58. On this basis and because the matter
4  underlying the Petitioner's Petition for Injunction has become moot, it is appropriate for the
5  Court to dismiss the petition pursuant to Federal Rules of Civil Procedure, Rule 41(a)(2).

6  Petitioner has no objection to the proceeding being dismissed *with prejudice*, as the
7  underlying unfair labor practice charge in Board case 20-CP-1085 has been settled, and
8  Respondent has been complying with the terms of the settlement. Contrary to Respondent's
9  assertion in its Opposition to Petitioner's Motion to Dismiss Petition for Injunction, the Board
10 has not investigated nor questioned Respondent about whether it has picketed Golden Gate
11 University since the approval of the Settlement Agreement on August 17, 2007. In fact, the
12 Board has informed Respondent that by remedying the unfair labor practice charge through
13 the Settlement Agreement, it would be free to picket Golden Gate University for recognitional
14 purpose, so long as it filed a valid petition for a representation election within the time frame
15 provided under the National Labor Relations Act. Respondent has now filed a valid petition
16 for a representation election and the Board is currently processing that petition in accordance
17 with its Rules and Regulations. As all matters in the underlying Board proceeding in case 20-
18 CP-1085 have been settled, this matter has become moot and the Board has no interest in re-
19 litigating this dispute. Therefore, Petitioner requests that the Petition for Injunction be
20 dismissed, *with* prejudice. Further, Respondent's motion for attorney's fees should be denied,
21 as there is no basis for such a request.

22  II.    FACTS

23  Prior to filing the Petition for Injunction, Petitioner attempted to avoid litigation by
24 negotiating a settlement of the underlying unfair labor practice case with Respondent. Each
25 settlement offer was rejected by Respondent. On July 18, 2007, Board attorney Christy J.

Kwon, informed Respondent absent written assurances that it would cease engaging in unlawful recognitional picketing, the Board, *as directed* by the Act, would be forced to seek injunctive relief from the District Court. In order to avoid litigation, the Board extended the deadline for the Respondent to provide such assurances multiple times. Each time, the Respondent refused to provide such assurances.

Without any commitment from Respondent to cease its unlawful picketing, on July 25, 2007, the Board filed the Petition for Injunction, but continued to make efforts toward settling the underlying dispute. Meanwhile, pursuant to the Order to Show Cause, the parties appeared before this Court on August 2, 2007, and after the hearing, Petitioner's request for injunctive relief was denied and Respondent was directed to draft a proposed Order to the Court. The following day, the Court's Clerk filed the Minutes from the August 2 hearing and Respondent filed a Proposed Order. Since then, the Court has not issued an Order or any other judgment on a separate document.

On August 18, 2007, Respondent and Golden Gate University entered into a bilateral informal settlement agreement, which remedied the unfair labor practice alleged in the underlying charge and Complaint in Board case 20-CP-1085.

On August 23, 2007, Respondent filed with the Board, a petition for a representation election, seeking to represent a bargaining unit consisting of nine employees employed by Golden Gate University.[1] Respondent was told it was privileged to picket Golden Gate University for a recognitional object while the petition was being processed. At the hearing, Golden Gate University contended the petition should be dismissed, arguing that the petitioned-for bargaining unit had already been accreted into an existing bargaining unit

---

[1] This petition is being processed in Board case 20-RC-18154.

1  represented by OPEIU Local 3. No party raised any issues concerning picketing. A Decision,
2  based on the evidence adduced at this hearing, should issue shortly.

3  **III.    ARGUMENT**

4  **A.    Petitioner Agrees That This Proceeding Should Be Dismissed With Prejudice Since A Judgment On A Separate Document Has Not Issued, And Because The Board Has No Intention To Continue Litigation Against Respondent Based On The Parties Having Settled The Underlying Matter**

Petitioner agrees that this proceeding should be dismissed with prejudice. The Court did issue a Minute on August 3, 2007, regarding the denial of the injunction on August 2, 2007, but has yet to issue an Order or judgment on a separate document pursuant to Federal Rules of Civil Procedure, Rule 58.

Also, it is simply untrue that the Board has ever communicated to Respondent that it will re-file a petition for injunctive relief if it did not agree with the content of Respondent's message while picketing. Instead, the Board told Respondent it can lawfully picket Golden Gate University, even with the object of recognition, as it had filed a valid petition for a representational election.[2]

It is equally untrue that the Board has ever questioned Respondent about its picketing, or in any other way attempted to proscribe Respondent's picketing since this Court denied the Board's petition for a preliminary injunction on August 2, 2007. Rather, the Board has been processing Respondent's petition for a representation election by holding a hearing to resolve issues raised by Golden Gate University.

---

[2] However, if *new* charges are filed alleging that Respondent has engaged in *new* picketing that is somehow unlawful or that it was engaged in picket line misconduct, the Board would have to investigate and pursue such a charge in accordance with its Rules and Regulations.

As Respondent is complying with all the terms of the settlement in Board case 20-CP-1085, and no Order has issued from the Court in a separate document, the Petition for Injunction should be dismissed with prejudice. The Board is satisfied that this particular dispute has been laid to rest. It has not, and will not, re-litigate this particular dispute.

**B.    The Request For Attorney's Fees Should Be Denied Because Petitioner Agrees The Petition For Injunction Should Be Dismissed With Prejudice, Request Is Untimely, And Such Fees Can Only Be Recovered Under The Equal Access To Justice Act Or Similar Wavier Of Sovereign Immunity**

Since Petitioner agrees that the Petition for Injunction should be dismissed *with* prejudice, Respondent's request for attorney's fees should be denied. Respondent's request for attorney's fees was conditioned on the dismissal being issued without prejudice.

Furthermore, under Local Rule 54-6, Respondent must have served and filed a motion for attorney's fees within 14 days of entry of judgment by the District Court, and counsel for the respective parties must have met and conferred for the purpose of resolving disputes related to attorney's fees before making such a motion. The denial of the Petition for Injunction was filed on August 3, 2007, and therefore, this current motion for attorney's fees is untimely. Also, Respondent has never requested, nor have the parties ever met and conferred over the issue of attorney's fees prior to this current motion.

Lastly, fees may only be awarded against the United States if there is a waiver of sovereign immunity; any such waivers must be express and are to be narrowly construed in favor of the sovereign. *See, e.g., Ardestani v. INS*, 502 U.S. 129, 136 (1991). Respondent failed to frame its contingent request for fees within any of the limited waivers of sovereign

immunity, such as explicit waivers in certain substantive federal statutes or under the limited waiver in the Equal Access to Justice Act, 28 U.S.C. 2412(d).[3]

## IV.     CONCLUSION

Accordingly, the Board respectfully requests that this Court dismiss the Petition for Injunction *with* prejudice, and that it deny Respondent's motion for attorney's fees.

Dated at San Francisco, California, this 18th day of September, 2007.

_____
Christy J. Kwon
Counsel for Petitioner
National Labor Relations Board

---

[3] Under 28 U.S.C. Section 2412(d)(1)(A), costs and attorneys fees involving civil actions can be recovered from the Board by a prevailing party, if the Board did not have a "substantial justification" in pursuing the litigation, among other things. A prevailing party is not entitled to fees simply because the Board lost the case. *Grace v. Burger*, 763 F.2d 457, 458-459 (DC. Cir. 1985), *cert. denied*, 474 US 1026 (1985).